HORTON *v.* HORTON.

Mar. 24, 1952.

No. 38210 (57 So. (2d) 723)

B. P. Mauldin, and Barnett, Jones & Montgomery, for appellant.

**Thos. F. Paine,** for appellee.

**McGehee, C. J.**

This appeal is from a decree granting a divorce to the appellee, Mrs. Laverne Davis Horton, and requiring her

husband, the appellant Fred Ryan Horton, to pay the sum of $100 per month as permanent alimony and the sum of $100 as an attorney's fee.

A reversal of the decree is sought on the following grounds: (1), that the decree awarding the divorce to the appellee on the ground of habitual cruel and inhuman treatment by the appellant was not supported by sufficient evidence to justify such decree; (2), that the court erred in permitting the wife, after both sides had rested their case, to amend her original bill for divorce so as to add the ground of habitual cruel and inhuman treatment whereas the specific ground on which the divorce was sought in the bill prior thereto was habitual drunkenness; (3), that the wife should not have been granted $100 per month as permanent alimony; and (4), that the court was without jurisdiction in the cause for the reason that it was not alleged in the bill of complaint that either of the parties had been "an actual bona fide resident within this state for one year next preceding the commencement of the suit", as provided in Section 2736, Code of 1942.

We have carefully examined the testimony relating to the habitual cruel and inhuman treatment complained of and we are of the opinion that there was ample proof to sustain the finding of the chancellor in favor of the wife on that issue.

As to the amendment being allowed, after both sides had rested their case, we are of the opinion that this was not error for the reason that it amounted to an amendment of the bill of complaint to conform to the proof, even if such an amendment had been necessary to permit the granting of a divorce on the ground of habitual cruel and inhuman treatment. The original bill of complaint alleged facts which would constitute such treatment, although it did not specifically designate them to be such by the use of that term. Then, too, amendments are liberally allowed upon such terms as the court may deem proper. No surprise to the appellant is shown, since the facts were fully developed on behalf of both

parties as to this issue and without objection during the taking of the testimony upon the contention that a divorce had not been specifically prayed for except on the ground of habitual drunkenness.

As to the award to the wife of $100 per month as permanent alimony, it was shown that the husband earned an average of not less than $280 per month and that the needs and requirements of the wife were such as to justify this award, and the husband is shown to have been able to pay the same from his monthly earnings.

As to the question of want of jurisdiction because of the failure of the appellee to allege that at least one of the parties had been an actual bona fide resident within this state for one year next preceding the commencement of the suit, we find that the wife, as complainant, alleged in her bill of complaint that "she and the defendant are both resident citizens of Monroe County, Mississippi, where they have been living and residing for the past year and longer." Moreover, the defendant in his answer says, "The defendant admits the residence of the parties." The proof disclosed that for the time required by law they were both actual bona fide residents of the county in which the suit was filed. If any point had been raised at the trial as to the omission of this allegation as now complained of, then the complainant would have been entitled to amend the complaint so as to conform to the undisputed proof.

However, we are not unmindful of the fact that the question of jurisdiction may be raised for the first time in this Court, but we do not think that the statute requires that the bill of complaint shall necessarily allege that one of the parties had been *an actual bona fide* resident for the period stated, and especially where the bill alleges that the parties had been living in this state for such a period of time as husband and wife, since their residence under such circumstances would have been presumed to have been bona fide in the absence of proof to the contrary.

If we should hold that the omission of the words "an actual bona fide resident" from an allegation in the bill of complaint which states in express terms that one of the parties had resided within the state for one year next preceding the commencement of the suit, the effect of the decision would be so far-reaching as to render invalid, for want of jurisdiction, many hundreds of divorce decrees heretofore granted. In such an event, they would be subject to collateral attack as being utterly void, and the effect would be very detrimental to the status of children born of the subsequent marriages entered into in reliance upon the validity of such decree. We think that the essential requirement for jurisdiction is the *fact* of residence in the state by at least one of the parties for a period of one year next preceding the commencement of the suit. The statute does not by its terms state that it is essential to use the words "an actual bona fide resident" in the allegation of the bill as to the residence of the parties.

Moreover, if it had been contended that a residence was acquired by the complainant in this state with the purpose of securing a divorce, then she would have had the burden of satisfying the court that so far as her residence in this state was concerned, she had resided here as an actual bona fide resident for one year next preceding the commencement of the suit. But since it appears that the defendant brought the complainant from Birmingham Alabama to Monroe County, Miss., to live with him there, where they had remained for more than a year, the allegations of her bill as to residence were sufficient to show jurisdiction, for the reason that good faith in acquiring residence there would be presumed under these circumstances in the absence of an affirmative showing to the contrary.

Under the point last above discussed, the appellant also contends that the affidavit to the bill of complaint was insufficient to confer jurisdiction on the trial court in the cause. The jurat of the chancery clerk

discloses that the complainant personally appeared before him and made oath ''that the facts as stated in the above bill for divorce are true as stated therein. That this bill is not filed by collusion with the defendant for the purposes of obtaining a divorce contrary to the laws of Mississippi.'' We note only a failure to add to the above quoted language the words ''but that the cause or causes for divorce are true as therein stated'', in the language of the statute. However, we think that this fact had been previously stated therein and that therefore the same was sufficient.

The decree appealed from must therefore be affirmed. Affirmed.

**Hall, Lee, Arrington,** and **Ethridge, JJ.,** concur.